IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY_____D.C.

05 SEP -8 PM 3: 01

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| VICKI PARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    05-2122-M1V |
| | ) | |
| DAIMLER CHRYSLER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

---

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

---

Currently before the court is the July 8, 2005 motion of the plaintiff, Vicki Parson, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to amend her complaint to add Doris Albright as an additional party plaintiff.  The defendant, Daimler Chrysler Corporation, opposes the motion on the grounds that the proposed amendment is futile, would not increase judicial efficiency and could prejudice Daimler Chrysler.

Parson filed her complaint against her current employer, Daimler Chrysler, alleging employment discrimination based upon sex in violation of Title VII and the Tennessee Human Rights Act. Parson now seeks to add Albright, an employee of Wackenhut Security, who has been assigned to work at Daimler Chrysler for the past two years.  Although Parson and Albright allege that they were both harassed by the same individual – an employee of Daimler

Chrysler - their claims arise from separate incidents.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include prejudice to the opposing party and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Daimler Chrysler claims that the proposed amendment is futile because Albright is not an employee of Daimler Chrysler.[1] Title VII and the Tennessee Human Rights Act only protect employees and applicants for employment. 42 U.S.C. Section 2000e-2(a)(1); Tenn. Code Ann. Section 4-21-401. In her Charge of Discrimination, Albright stated that she works for Wackenhut and has been assigned to Daimler Chrysler for the past two years. She also stated that she reported the alleged harassment to two individuals at Wackenhut. Based on the information before the court, it appears that Albright is not considered an "employee" of Daimler Chrysler for purposes of Title VII.

---

[1] Daimler Chrysler also claims that the proposed amendment is futile because Albright alleges only three isolated comments over a period of two years and thus cannot assert allegations that are sufficiently severe, pervasive or hostile to support a cognizable claim of hostile work environment. It appears from the complaint, however, that Albright also alleges that she was intimidated and removed from her post - an adverse employment action - after reporting the incidents. This court, however, makes no finding at this time as to whether the harassment alleged by Albright was sufficiently pervasive so as to state a cognizable claim.

Daimler Chrysler also claims that the proposed amendment would not increase judicial efficiency and would unfairly prejudice Daimler Chrysler.  In this case, adding Albright to the complaint would not increase judicial efficiency because Albright's claims arise from different incidents.  "The fact that each plaintiff alleges that she was harassed by the same [person] . . . is not itself sufficient to establish that the claims arise out of the same transaction or series of transactions . . . Each plaintiff's claim of harassment requires individualized proof." *McCleland v. Montgomery Ward & Co.*, 1995 WL 374185 at *1 (N.D. Ill. June 21, 1995).  *See also Hussain v. TCF Bank*, 2004 WL 1470282 (N.D. Ill, June 30,2004)(finding joinder of plaintiffs who were allegedly harassed by same supervisor inappropriate).  In addition, if Albright were added to the complaint, there is a risk that allegations from one plaintiff would bias the jury against Daimler Chrysler for purposes of the other plaintiff's claim.  In contrast, neither Parson nor Albright will be prejudiced if Albright is not added as a plaintiff because each can recover attorney fees and expenses as a prevailing plaintiff under Title VII.   The motion for leave to amend is therefore denied.

IT IS SO ORDERED this 8th day of September, 2005.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:05-CV-02122 was distributed by fax, mail, or direct printing on September 8, 2005 to the parties listed.

---

David W Gearheart
LEWIS RICE & FINGERSH L.C.
500 N. Broadway
Ste 2000
St. Louis, MO 63102

Gary M. Smith
LEWIS RICE & FINGERSH
500 North Broadway
Ste. 2000
St. Louis, MO 63102

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT